IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

VICKIE MCGILL
10417 E. 43rd Street
Apt. 133
Kansas City, Missouri 64133

       Plaintiff,

v.                                                Case No._____

FINANCIAL ASSET MANAGEMENT
SYSTEMS, INC.
Serve: CSC- Lawyers Incorporating
        Service Company, Registered Agent
        221 Bolivar
        Jefferson City, Missouri 65101

       Defendant.

**COMPLAINT FOR VIOLATIONS OF
THE FAIR DEBT COLLECTION PRACTICES ACT**

1. This is an action for actual and statutory damages brought by an individual consumer arising out Defendant's breach of the Fair Debt Collection Practices Act ("**FDCPA**"), 15 U.S.C § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d); and, generally, under 28 U.S.C. §§ 1331, 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Plaintiff and witnesses reside here, Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, Vickie McGill, is a natural person residing in Kansas City, Missouri, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Financial Asset Management Systems, Inc. ("**DEFENDANT FAMS**") is a foreign corporation and a collection agency operating from an address of 2859 Paces Ferry Road Suite 510, Atlanta, GA 30339 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. Whenever it is alleged herein that Defendant FAMS or persons acting on behalf of Defendant FAMS did any act or thing, it is meant that Defendant FAMS performed, participated in, directed and/or ratified such act or thing, or that such act was performed by the officers, agents, employees, or representatives of Defendant FAMS acting within the scope and course of employment and agency.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Approximately 20 years ago, Plaintiff McGill incurred a financial obligation that was primarily for personal, family or household purposes, that went into default for late payment, and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a student loan debt Plaintiff McGill incurred in the pursuit of her own education (the "**Debt**").

7. The Debt is now alleged to be in excess of $20,000.

8. Sometime in or before August of 2011, this alleged Debt, which was already in default, was consigned, placed or otherwise transferred to Defendant FAMS for collection from Plaintiff McGill.

9. Thereafter, Plaintiff McGill began receiving collection communications from Defendant FAMS in an attempt to collect the Debt.

### August 25, 2011 Calls with Defendant FAMS

10. On or about August 25, 2011, Defendant FAMS contacted Plaintiff McGill's employer, Whispering Lakes, and requested to speak with Plaintiff McGill.

11. Plaintiff McGill spoke with Defendant FAMS and learned that Defendant FAMS was attempting to collect a debt.

12. Plaintiff McGill, after learning that Defendant FAMS was attempting to collect a debt, informed Defendant FAMS on the August 25, 2011, call that she could not take personal call at work.

13. On that same date, the assistant manager in charge at Whispering Lakes, Shannon, also told Defendant FAMS in a phone call that Plaintiff McGill could not take phone calls at work from Defendant FAMS.

### August 26, 2011 Call with Defendant FAMS

14. On or about August 26, 2011, Defendant FAMS again called Plaintiff McGill's employer, Whispering Lakes, to attempt to reach Plaintiff McGill.

15. During that call, the assistant manager in charge at Whispering Lakes, Shannon, told Defendant FAMS not to call Plaintiff McGill at work again because Plaintiff McGill could get in trouble.

### August 31, 2011 Calls with Defendant FAMS

16. On or about August 31, 2011, Defendant FAMS yet again call Plaintiff McGill's employer, Whispering Lakes, to attempt to reach Plaintiff McGill.

17. During that call, the manager in charge, Sharon, told Defendant FAMS not to call back because Plaintiff McGill could not accept the call at work.

18. Later that day, Defendant FAMS again called Plaintiff McGill's employer, Whispering Lakes, in an attempt to speak with Plaintiff McGill.

19. During that call, the manager in charge, Sharon, again told Defendant FAMS not to call back because they could not speak with Plaintiff McGill while she was at work.

### Consequences of the Calls

20. Defendant FAMS knew after its initial phone communication with Plaintiff McGill that it was impermissible for Defendant FAMS to continue attempting to reach Plaintiff McGill at her place of employment.

21. Defendant FAMS repeated calls to Plaintiff McGill's employer to attempt to reach Plaintiff McGill after learning that Plaintiff McGill could not take calls at work left Plaintiff McGill fearful that she would lose her job and caused her to become physically ill, lose sleep and suffer from anxiety and emotional distress.

22. Defendant FAMS' collection communications to Plaintiff McGill's employer were the direct and proximate cause of emotional distress on the part of Plaintiff McGill and caused her to suffer from unnecessary personal strain.

23. Plaintiff McGill has suffered actual damages as a result of Defendant FAMS' illegal collection communications to her employer in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

### CAUSE OF ACTION

### 15 U.S.C. § 1692, et seq.

24. Plaintiff McGill incorporates by reference all other paragraphs of this Complaint as though fully stated herein.

25. The foregoing communications by Defendant FAMS constitute numerous and multiple violations of the FDCPA including, but not limited to, §§ 1692c(a)(1) and 1692c(a)(3), which prohibit, respectively, communication with consumer at a time the collector knows to be inconvenient or at the place of employment of the consumer when the collector knows the employer prohibits such communications.

26. As a result of each and every one of Defendant FAMS' violations of the FDCPA, Plaintiff McGill is entitled to recover against Defendant FAMS her actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff McGill respectfully prays that judgment be entered against the Defendant FAMS and in favor of Plaintiff McGill for the following:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual Damages pursuant to 15 U.S.C. § 1692k(a)(1);

c. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3).

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

//

//

//

//

//

Dated September 19, 2011        Respectfully submitted by:

THE CONSUMER LAW CENTER
OF KANSAS CITY, LLC

By: */s/ Larry A. Pittman, II*
Larry A. Pittman, II (Mo. 55146)
818 Grand Blvd., Suite 600
Kansas City, Missouri 64106
816.581.3900 phone
816.581.3909 fax
lpittman@clckc.com
**COUNSEL FOR PLAINTIFF**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MISSOURI ) 
) ss
COUNTY OF JACKSON )

Plaintiff Vickie McGill deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 9/19/11

Vickie McGill

//
//
//
//
//
//
//